**PHŒNIX INS. CO. v. CLINE et al.**

**Civil Action No. 1993.**

District Court, D. Massachusetts.

Dec. 14, 1942.

Edward C. Park (of Withington, Cross, Park & McCann), of Boston, Mass., for plaintiff.

Frank Freundlich, of Boston, and La-Rue Brown, (of Brown, Field & McCarthy), of Boston, Mass., for defendants.

FORD, District Judge.

Two motions are before the court: (1) A motion for the production by defendants Daniel D. Cline and Hyman E. Cline of documents and leave to inspect under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and (2) a motion to strike out certain answers of Daniel D. Cline to interrogatories and to compel further answers to such interrogatories and to others.

There is now no occasion for the court to pass upon that portion of (1) that requested permission to enter the premises numbered 22–32 Pleasant Street, Claremont, New Hampshire, for the purpose of inspecting the same and taking photographs, as it is agreed that this may be done at the plaintiff's convenience.

The second aspect of the first motion is that the defendants be ordered to produce and permit the plaintiff to inspect "all bills and other vouchers for the expense of making repairs to a building located at 22–32 Pleasant Street, Claremont, New Hampshire, on account of damage caused by a fire occurring on these premises about November 28, 1941". It is ordered that bills and vouchers be produced by Daniel D. Cline and Hyman E. Cline for inspection at a time and place to be agreed upon by the parties. These documents may contain material evidence in determining the true and correct damage suffered by the defendants and in connection with which a proof of loss was filed.

With respect to the motion for further answers to interrogatories, the defendant Daniel D. Cline will answer further interrogatories numbered 14, 15, 20, 21, 34, 45, 58, and 60. The defendant should know now or should on reasonable inquiry of his agents know the character and extent of the damage to the parts of the premises to which these interrogatories are directed. It is no answer at all merely to state there was damage. What the plaintiff was entitled to was the knowledge of the defendant, his agents or servants, as to the character and extent of the damage.

Interrogatories numbered 25, 31, 46, 47, 48, 49, and 50, need not be answered further because of the fact the plaintiff has been authorized by agreement to inspect the premises. At the inspection he can secure the information sought in these interrogatories.

Interrogatory No. 68 need not be answered if the bills and vouchers are produced for inspection with respect to all repairs made on account of damage caused by the fire. These should give the total repair cost.

Interrogatory No. 69, need not be answered.

Answers to Interrogatories numbered 61, 63, and 70 will be stricken and the defendant will answer further.

The answer to Interrogatory No. 67, is stricken after the word "made".

Interrogatory No. 71 need not be answered in view of the order as to Interrogatory No. 70.

The answers to Interrogatories numbered 76 and 77 are stricken and the defendant will further answer No. 77.